PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EMMETT J. RUFUS, | ) | |
| | ) | CASE NO. 4:16CV3042 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| ED SHELDON, Warden, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendant. | ) | **AND ORDER** |

*Pro Se* Plaintiff Emmett J. Rufus, an inmate at the Ohio State Penitentiary ("OSP"), brings this action under 42 U.S.C. § 1983 against Defendant OSP Warden Ed Sheldon. Plaintiff alleges in the Complaint (ECF No. 1) that an OSP sprinkler went off, creating wet and cold conditions in his cell for two and a half days. He also alleges he slipped in the cell and hurt his back. Plaintiff received an x-ray, which was negative, but alleges he is still experiencing back pain. As relief, he seeks damages exceeding $100,000.00.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A

pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

Even construing the Complaint (ECF No. 1) liberally in a light most favorable to Plaintiff, *Brand v. Motley*, 526 F.3d 921, 924 (6th Cir. 2008), it does not set forth a valid federal claim. Defendant cannot be held liable for damages under § 1983 solely because he employs and supervises prison personnel, as *respondeat superior* is not a proper basis for such liability. *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Supervisors are not liable for the actions of their employees merely because they had the right to control those employees. *Leary*, 349 F.3d at 903; *Bellamy*, 729 F.2d at 421. Furthermore, a supervisor's failure to monitor the offending individual is not actionable unless the supervisor "either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982)). "At a minimum, a plaintiff must show the [supervisor] at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending [employees]." *Id.* (quoting *Hays*, 668 F.2d at 874).

The Complaint (ECF No. 1) does not contain allegations reasonably suggesting Defendant engaged in such actions.

Accordingly, this action is dismissed under § 1915A. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

February 28, 2017
Date

*/s/ Benita Y. Pearson*
Benita Y. Pearson
United States District Judge